IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:21-cv-00047-M

JOSEPH McALEAR, individually and on )
behalf of all others similarly situated, )
                                         )
      Plaintiff,                     )
                                         )
v.                                         )       **ORDER**
                                         )
nCINO, INC., and )
LIVE OAK BANCSHARES, INC., )
                                         )
     Defendants;                 )
                                         )
and )
                                         )
APITURE, INC., )
                                         )
     Defendant-Intervenor.       )

This matter comes before the court on Plaintiff's motion for preliminary approval of class action settlements with Defendant Live Oak Bancshares ("Live Oak") and Defendant-Intervenor Apiture, Inc. ("Apiture") (together, "Settling Defendants"). Defendant nCino, Inc. ("nCino") filed a response in partial opposition to the motion, and Plaintiff filed a reply in support. The court having considered the motion, briefs, and the entire record, hereby ORDERS and ADJUDGES:

### FACTORS FOR PRELIMINARY APPROVAL
### OF PROPOSED SETTLEMENTS

1.     Plaintiff's motion for preliminary approval of the proposed settlements between Plaintiff and Live Oak and Plaintiff and Apiture (hereafter, "Settlements") [DE 37] is **GRANTED**. This order shall have no effect on the court's consideration of any contested motion for certification of a litigation class in the ongoing action between Plaintiff and nCino.

2. Unless otherwise defined herein, all terms that are capitalized shall have the meanings ascribed to those terms in the Settlement Agreements.

3. The court makes the following FINDINGS under Rule 23 of the Federal Rules of Civil Procedure:

   a. "It has long been clear that the law favors settlement." *United States v. Manning Coal Corp.*, 977 F.2d 117, 120 (4th Cir. 1992). This is particularly true in class actions. *Reed v. Big Water Resort, LLC*, No. 2:14-cv-101583-DCN, 2016 WL 7438449, at *5 (D.S.C. May 26, 2016) (noting the "strong judicial policy in favor of settlements, particularly in the class action context") (citation and internal quotation marks omitted); William H. Rubenstein, 5 *Newberg on Class Actions* ("Newberg") § 13.44 (5th ed. 2017) (gathering cases).

   b. At the initial stage of settlement review, this court determines whether notice of the proposal to the purported class "is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

   c. Thus, the court focuses on whether it is likely to grant final approval of the Settlements. A class settlement may be approved if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991). "In applying this standard, the Fourth Circuit has bifurcated the analysis into consideration[s] of fairness, which focuses on whether the proposed settlement was negotiated at arm's length, and adequacy, which focuses on whether the consideration provided the class members is sufficient." *Beaulieu v. EQ Indus. Servs., Inc.*, No. 5:06-CV-00400BR, 2009 WL 2208131, at *23 (E.D.N.C. July 22, 2009) (citing *Jiffy Lube*, 927 F.2d at 158-59).

2

d. A four-factor test is applied to determine the fairness of a proposed settlement: "(1) the posture of the case at the time the proposed settlement was reached, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the settlement negotiations, and (4) counsel's experience in the type of case at issue." *Id.* at *24.

e. All four fairness factors favor approval here. The Settlements were reached after extensive negotiations spanning several months, including the production of Settlement Class Member data from the settling parties. Moreover, given the allegations in the Complaint, counsel for the parties had sufficient information to evaluate the costs and benefits of settlement at this juncture. Counsel for Plaintiff have extensive experience in antitrust and class action litigation, and their informed opinion is entitled to weight. Live Oak's production of compensation data took place over several months, and the parties' subsequent settlement negotiations were adversarial, arm's-length, and occurred through many discussions that required two months to complete. Finally, the negotiations were facilitated through a neutral third-party mediator, Jonathan Harkavy.

f. The court assesses the adequacy of the Settlements through the following factors: "(1) the relative strength of the plaintiffs' case on the merits, (2) any difficulties of proof or strong defenses the plaintiffs would likely encounter if the case were to go to trial, (3) the expected duration and expense of additional litigation, (4) the solvency of the defendants and the probability of recovery on a litigated judgment, and (5) the degree of opposition to the proposed settlement." *Beaulieu*, 2009 WL 2208131, at *26 (citing *Jiffy Lube*, 927 F.2d at 158; *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 829-30 (E.D.N.C. 1994)).

g. With respect to the first through third factors, even when an individual plaintiff has evidence indicating unlawful collusion (as alleged in the Complaint here), obtaining class certification in complex antitrust cases is a lengthy and resource intensive undertaking.

3

Typically, class certification requires a large amount of discovery as well as expert witnesses to prove antitrust impact and damages. Most such cases require several years to reach the class certification stage, and even more to litigate through the merits. *See Seaman v. Duke Univ.*, No. 1:15-cv-00462, 2019 WL 4674758, at *3 (M.D.N.C. Sept. 25, 2019) (approving settlement in no-poach case reached at summary judgment stage four years into litigation); *see also In re High Tech Employee Antitrust Litigation*, No. 11-cv-2509, 2015 WL 5158730, at *5 (N.D. Cal. September 2, 2015) (approved settlement in no-poach case reached four years into litigation). In light of the risks, amount of time, and costs associated with prosecuting this case, the $4.65 million monetary recovery in the Settlements, as well as the agreements concerning cooperation and prohibition on conduct, reflect an excellent result.

    h. The fourth factor does not apply here because there is no indication that either Live Oak or Apiture would be unable to satisfy a judgment. The fifth factor, the degree of opposition to the Settlements, is also inapplicable at this stage because it can only be considered after the court grants preliminary approval and directs notice to the Settlement Class. The court finds the proposed allocation plan (DE 39-3) is fair and reasonable, as it will compensate Class Members on a pro rata basis according to the degree of alleged harm they suffered.

**Notice to Settlement Class Members**

  1. The proposed notice [DE 39-4] clearly explains the nature of the action, the Settlement Class definition, the legal issues, the binding effect of a Class judgment, and Settlement Class members' rights to appear in this action with an attorney, request exclusion, and object to the Settlements.[1] *See* Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii). The notice will be both mailed and e-

---

[1] The court directs the Plaintiff to correct the spelling of the undersigned's name in the Notice before it is issued to the Settlement Class members.

4

mailed to all Settlement Class members. Also, notice will be given through a case-specific website. The court finds that this plan reflects "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

2. In addition, the notice includes material information about Settlement Class Counsel's intent to request fees up to 25% of the settlement amount, costs, and a service award for the Plaintiff. The court reserves final judgment on the contemplated requests until the Settlement Class has been notified and a full record has been developed. However, the requests are within the range of reasonableness of a settlement the court is likely to approve.

## Administration of the Settlement Fund

1. The court appoints the Settlement Administrator proposed by Plaintiff, Settlement Services Inc., which is the entity that will provide notice to the Settlement Class and administer the Settlement Fund as set forth in the Settlement Agreements and by order of the court. Consistent with the Settlement Agreements, the responsibilities of the Settlement Administrator will include (a) disseminating the notice to the Settlement Class; (b) maintaining a website to enable Settlement Class Members to access relevant documents; (c) handling withholding, reporting, payment, dissemination of forms, and other aspects of Settlement administration relating to all applicable taxes as set forth in the Settlement Agreement; (d) distributing Settlement checks to Settlement Class Members; (e) collecting and confirming the validity of any requests for exclusion from the Class and reporting that information to the settling parties; and (f) maintaining the confidentiality of the Class Member information except as necessary to carry out these obligations. Pursuant to the Settlement Agreements, the cost of the Settlement Administrator's services, and all other

5

Case 7:21-cv-00047-M   Document 60   Filed 11/23/21   Page 5 of 12

reasonable costs of Settlement administration shall be paid out of the Settlement Fund, subject to court review and approval.

2. The court approves Citibank, N.A. as the Escrow Agent pursuant to the Settlement Agreements.

3. All funds held by the Escrow Agent shall be deemed and considered to be *custodia legis* and shall remain subject to the jurisdiction of the court, until such time as such funds shall be distributed pursuant to the Settlement Agreements and further order of the court.

4. The Settlement Fund, to be held at the Escrow Agent, shall be established as a fiduciary account and administered in accordance with the provisions of the Settlement Agreements. The court approves the establishment of the escrow account under the Settlement Agreements as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 1.468B-1 and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of this QSF.

5. To facilitate the notice, and the settlement distribution process if the court grants final approval, Live Oak, Apiture, and non-settling defendant nCino, Inc. shall provide to the Settlement Administrator, in an electronic format, for the Class Period, the current or most-recently known names, addresses, email addresses, social security numbers, and individual total compensation for each Settlement Class Member, no later than sixty (60) days after the date of this order.

6. No later than twenty-one (21) days after receiving the information in paragraph 5, the Settlement Administrator shall cause the Notice of Settlement to be mailed by first-class mail, postage prepaid, and emailed to Settlement Class Members pursuant to procedures described in the Settlements, and to any potential Settlement Class Member who requests one; and, in

6

Case 7:21-cv-00047-M   Document 60   Filed 11/23/21   Page 6 of 12

conjunction with Settlement Class Counsel, shall cause a case-specific website to become operational with case information, court documents relating to the Settlements, the Notice, and a dedicated telephone number. At least twenty-one (21) days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court an Affidavit of Compliance with the Notice requirements.

**Responses by Settlement Class Members and the Scheduling of a Final Approval Hearing**

7. Settlement Class Members shall have until thirty (30) days from the date the Notice period begins (established by the first date upon which the Notice Administrator provides mail and e-mail Notice to Settlement Class Members ("Notice Date")) to opt-out of the proposed settlement (the "Opt-Out Deadline"). Any Settlement Class Member who wishes to be excluded (opt-out) from the Settlement Class must send a written Request for Exclusion to the Settlement Administrator on or before the close of the Opt-Out Deadline. To be effective, such requests for exclusion must state the Settlement Class Member's full legal name, address, and the approximate dates of his or her employment with one of the Defendants; include a statement that the Settlement Class Member wants to be excluded from the Settlements; and be signed and dated by the Settlement Class Member or his or her legal representative. Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive benefits under the Settlements, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to pursue independently any claims they may have against the Settling Defendants. Settlement Class Members who do not properly and timely request exclusion from the Settlement Class shall, upon entry of the Final Approval Order and Judgment, be bound by all of the terms and provisions of the Settlement Agreements, including the Release provisions, whether or not such Settlement Class Member objected to the Settlements.

7

8. A final hearing on the Settlement Agreement ("Final Approval Hearing") shall be held at 2:00 p.m. on April 25, 2022, in Courtroom 160 at the United States District Court, 1003 South 17th Street, Wilmington, North Carolina 28401.

9. At the Final Approval Hearing, the court will consider (a) the fairness, reasonableness, and adequacy of the Settlement Agreements and whether the Settlement Agreements should be granted final approval by the court; (b) approval of the proposed Plan of Allocation; and (c) entry of a Final Approval Order and Judgment including the Settlement Release. Class Counsel's application for payment of attorneys' fees and costs, and request for the court to approve a service award to the named plaintiff, shall also be heard at the time of the hearing. Class Counsel shall file their motion for payment of attorneys' fees and costs and for a service award to the named plaintiff no later than fourteen (14) days from the Notice Date.

10. The date and time of the Final Approval Hearing shall be subject to adjournment by the court without further notice to the Settlement Class Members, other than that which may be posted by the court. Should the court adjourn the date for the Final Approval Hearing, such adjournment shall not alter the deadlines for mailing of the Notice, nor the deadlines for submission of settlement objections, requests for exclusion, or notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent order.

11. Any Settlement Class Member other than those who properly and timely elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. For Settlement purposes, Class Counsel will continue to represent Settlement Class Members who do not timely object and do not have an attorney enter an appearance on their behalf.

12. Any Settlement Class Member other than those who properly and timely elect to be excluded from the Settlement Class may, but need not, submit comments or objections to (a) the

Settlement Agreements, (b) the entry of a Final Approval Order and Judgment approving the Settlement Agreements, (c) Class Counsel's application for payment of attorneys' fees and costs, and/or (d) any service award request for the Plaintiff, by mailing a written comment or objection to the addresses provided by the Settlement Administrator in the Notice.

13. Any Settlement Class Member making an objection (an "Objector") must sign the objection personally, even if represented by counsel, and provide the Settlement Class Member's name and full residence or business address and a statement signed under penalty of perjury that the Settlement Class Member was an employee of the Defendants or Defendant-Intervenor and member of the Settlement Class. An objection must state the reason for the objection to the Settlement Agreements and provide a basis in support, together with any documents such person wishes to be considered, in support of the objection. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a statement of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector, as well as by the Objector's attorney, to any class action settlements submitted to any court in the United States in the previous five years.

14. Objections, along with any statements of intent to appear, must be mailed to the Settlement Administrator no later than thirty (30) days from the Notice Date. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class Member and each such Settlement Class Member must have complied with this Order.

15. Only Settlement Class Members who have mailed valid and timely objections accompanied by notices of intent to appear shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely mail an objection in writing in

9

accordance with the procedure set forth in the Notice and mandated in this Order shall be deemed to have waived any objections to (a) the Settlement Agreements, (b) the entry of a Final Approval Order and Judgment approving the Settlement Agreements, (c) Class Counsel's application for payment of attorneys' fees and costs, and/or (d) service award request for the named plaintiff.

16. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

17. Unless otherwise ordered, upon entry of the Final Approval Order, any Settlement Class Member who has not properly and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against the Settling Defendants and all other Released Parties with respect to all of the Released Claims, consistent with the Settlement Agreements.

18. The schedule by which the events referenced above shall occur is as follows:

| Event | Date |
| --- | --- |
| Defendants to Submit Settlement Class Member data to Settlement Administrator | Within 60 days of this order |
| Settlement Administrator will mail and email notice, and set up website | Within 21 days of receiving Settlement Class Member data |
| Plaintiff's Counsel Motion for Attorneys' Fees, Costs, and Service Award | Within 14 days from Notice Date |
| Opt-Out and Objection Deadline | 30 days from Notice Date |
| Settlement Administrator affidavit of compliance with notice requirements | To be filed 35 days prior to the Final Approval Hearing |
| Motion for Final Approval, including Settlement Administrator affidavit of opt out requests and copies of all objections | To be filed at least 28 days prior to the Final Approval Hearing |
| Any response(s) to Motion for Final Approval | To be filed 18 days prior to the Final Approval Hearing |

10

| Event | Date |
|---|---|
| Replies in Support of Motions for Final Approval, Attorneys' Fees and Costs, and Service Award | To be filed 14 days prior to Final Approval Hearing |
| Final Approval Hearing | April 25, 2022 |

19. All further proceedings as to the Settling Defendants are hereby stayed, except for any actions required to effectuate or enforce the Settlement Agreements, or matters related to the Settlement Fund, including application for attorneys' fees, payment of costs, and a service award to the Plaintiff. Nothing in this order should be construed to prevent or otherwise negatively affect the parties' rights and/or obligations to proceed in the ongoing litigation between Plaintiff and Defendant nCino under the applicable rules and law.

20. If the Settlement Agreements are terminated pursuant to the applicable provisions in the Settlement Agreements, the Settlement Agreements and all related proceedings shall, except as expressly provided in the Settlement Agreements, become void and shall have no further force or effect, and the Settlement Class shall retain all of their current rights against the Settling Defendants, and the Settling Defendants shall retain any and all of their current defenses and arguments thereto so that the Settling Parties may take such litigation steps that the Settling Parties otherwise would have been able to take absent the pendency of these Settlements. This Action shall thereupon revert forthwith to its procedural and substantive status as of October 12, 2021 and shall proceed as if the Settlement Agreements had not been executed.

21. Neither this Order nor the Settlement Agreements, nor any other Settlement-related document nor anything contained or contemplated therein, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreements or herein or in any other

11

Settlement-related document, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession of liability by the settling parties.

SO ORDERED this 22d day of November, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE