UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:21-CV-47-M

| | |
|---|---|
| JOSEPH McALEAR, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>nCINO, INC. and LIVE OAK BANCSHARES, INC.,<br><br>*Defendants.* | **DECLARATION OF ANNE B. SHAVER IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD** |

I, Anne B. Shaver, declare as follows:

1. I am a partner of the law firm Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), counsel for Plaintiff Joseph McAlear and the Class. I make this Declaration in support of Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award. I have personal knowledge of the following facts, and if called as a witness, I could competently testify to these matters.

## LCHB Staffing and Time Summary

2. I am the partner managing the day-to-day efforts in this case at LCHB, from the case's inception to the present. I was responsible for investigating the case, drafting all pleadings and subsequent filings, negotiating with opposing counsel, consulting with our local counsel at Elliot Morgan Parsonage, PLCC, and otherwise handling all aspects of the litigation. From time to time, I consulted with my law partner Dean M. Harvey, who heads our firm's Labor Antitrust Practice Group, for strategic advice. Mr. Harvey also attended the mediation. Below is a summary of our experience and qualifications; complete biographies can be found at the end of LCHB's Antitrust & Employment resume, attached hereto as **Exhibit A.**

    a. *Anne Shaver.* I am a partner in LCHB's Employment and Antitrust Practice Groups. I am the immediate past Co-Chair of the ABA's Equal Employment Opportunity Committee, and a current Chair of the ABA's Labor & Employment Section Annual Conference. In 2019, I and the rest of the team in *Seaman v. Duke* received the "Outstanding Private Practice Antitrust Achievement" award from the American Antitrust Institute. I am a frequent speaker on employee competition issues, including at ABA meetings and the Women's Antitrust Forum. I have led or been an active member of the litigation team in no-poach class actions across the country, including *Binotti v. Duke Univerity*, No. 20-cv-470 (M.D.N.C.);

*Seaman v. Duke University*, No. 1:15-cv-00462-CCE-JLW (M.D.N.C.); *Deslandes v. McDonald's, LLC, et al.*, No. 1:17-cv-04857 (N.D. Ill.); *Conrad v. Jimmy John's Franchise, LLC, et al.*, No. 18-cv-133-MJR-RJD (S.D. Ill.); *Blanton v. Domino's Pizza Franchising, LLC, et al.*, No. 18-cv-13207-VAR-DRG (E.D. Mich.); *Ogden v. Little Caesar Enterprises, Inc.*, No. 18-cv-12792-DML-RSW (E.D. Mich.); and *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK (N.D. Cal.). I have been recognized by The Best Lawyers in America in the Employment Law category in 2021, Lawdragon's "Leading Plaintiff Employment Lawyers in America" 2018-2021, the "40 & Under Hot List" by Benchmark Litigation for 2018-2020, and the Daily Journal's "Top Labor & Employment Lawyers" 2018-2020.

      b.    *Dean M. Harvey.* Mr. Harvey is a senior partner of LCHB and the Chair of its Labor Antitrust Practice Group. He has specialized in antitrust class actions for over thirteen years, with a particular focus on antitrust claims in the labor setting. He previously served as Co-Chair of the Competition Torts Committee of the Antitrust Section of the American Bar Association. He is frequently asked to speak regarding antitrust issues, and in particular issues at the intersection of antitrust and employment, including at conferences of the American Bar Association, Harvard Law School, and the National Association of Attorneys General. He has received several awards for his work in these fields, including the American Antitrust Institute "Antitrust Enforcement Award" (three times, in 2020, 2019, and 2017), the *California Lawyer* "Attorney of the Year Award" (2016), and the "William E. Swope Antitrust Writing Prize" (2006). He has been recognized as among the "Top Antitrust Lawyers in California" by the *Daily Journal* (2020 and 2021), a "California Trailblazer" by *The Recorder* (2020), among the "500 Leading Plaintiff Financial Lawyers in America" by *Lawdragon* (2019 and 2020), a "Super Lawyer" by *Super Lawyers* (2013-2021), and among the "Top 40 Young Lawyers" in the

nation by the American Bar Association (2017). He has served as lead or co-lead class counsel in antitrust class actions across the country, including *Seaman v. Duke University*, No. 1:15-cv-00462-CCE-JLW (M.D.N.C.); *In re: Railway Industry Employee No-Poach Antitrust Litig.*, MDL No. 2850 (W.D. Pa.); *Houston v. Papa John's Intl., Inc., et al.*, 3:18-cv-00825-JHM-RSE (W.D. Ky.); *Deslandes v. McDonald's, LLC, et al.*, No. 1:17-cv-04857 (N.D. Ill.); *Conrad v. Jimmy John's Franchise, LLC, et al.*, No. 18-cv-133-MJR-RJD (S.D. Ill.); *Blanton v. Domino's Pizza Franchising, LLC, et al.*, No. 18-cv-13207-VAR-DRG (E.D. Mich.); *Ogden v. Little Caesar Enterprises, Inc.*, No. 18-cv-12792-DML-RSW (E.D. Mich.); *In re California Bail Bond Antitrust Litig.*, 3:19-cv-00717-JST (N.D. Cal.); and *Roe v. Surgical Care Affiliates, LLC, et al.*, No. 1:21-cv-00305 (N.D. Ill.).

3. In addition to the lawyers above, LCHB paralegals Katrina Uy, Brian Troxel, and Richard Texier provided essential support services, along with Divya Sundar of our Litigation Support department.

4. Since commencing the investigation of this case through the date of this petition, Class Counsel have expended more than 202 hours prosecuting the alleged conspiracy, for a total lodestar of approximately $122,042.00. This includes 182.8 hours of work reported by LCHB, as well as 19.8 hours of work reported by local counsel at Elliot Morgan Parsonage, PLLC (*see* Declaration of Robert Elliot, filed herewith). Time records were kept contemporaneously and promptly recorded in an electronic database, in keeping with LCHB firm policy. Attached as **Exhibit B** is a table identifying the timekeepers at LCHB who contributed to the case, the number of hours they contributed, and their hourly rate (based on the firm's analysis of reasonable market rates, described below). For ease of reference, the hours expended by LCHB's attorneys are set forth in the table below.

| Attorney | Summary | Hours and Hourly Rate |
|---|---|---|
| Anne B. Shaver (Partner) | Lead attorney who oversaw and participated in all aspects of the litigation from inception, including pleadings, briefings, client communications, and settlement strategy. | 149 hours at $665 per hour |
| Dean M. Harvey (Partner) | Reviewed principal filings and consulted on litigation and settlement strategy. | 11 hours at $725 per hour |

5. Class Counsel also anticipate working many more hours after this motion is filed to oversee the notice program, respond to Settlement Class Member inquiries, prepare and file a motion for final approval of the settlement, and oversee implementation of the settlement and distribution of payments to Settlement Class Members. By way of comparison, in the *High-Tech* case, LCHB performed over 500 additional hours of work at a lodestar of more than $240,000 after counsel's petition for fees was granted. In the *Seaman* case, LCHB performed over 95 additional hours of work at a lodestar of more than $46,239 after counsel's petition for fees was granted. In the *Binotti* case, LCHB performed over 155 hours of additional work at a lodestar of more than $90,000 after counsel's petition for fees was granted. Here, because the size of the Settlement Class is smaller than the above cases, I estimate that LCHB will expend

- 5 -

approximately 75 additional hours in overseeing and implementing these Settlements. Including these 75 hours, estimated at $47,843, Class Counsel's total estimated lodestar is $169,885.

6. The rates set forth in the lodestar calculation are my firm's current billing rates and were used to calculate the lodestar above.[1] Our rate structure has been paid to our firm by hourly-paying clients. The rates range from $560-$1000/hour for partners (the vast majority being billed below $650/hour); from $395-$535 for associates; $415 for staff and contract attorneys; and $280-$405 for paralegals. LCHB's rate structure has been approved by numerous courts. *See*, *e.g.*, *Seaman v. Duke Univ.*, No. 1:15-cv-00462-CCE-JLW, 2019 WL 4674758, at *5 (M.D.N.C. Sept. 25, 2019); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017); *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5158730, at *9 (N.D. Cal. Sept. 2, 2015); *In re Titanium Dioxide Antitrust Litig.*, No. 10-CV-00318(RDB), 2013 WL 6577029, at *1 (D. Md. Dec. 13, 2013); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 793-94 (N.D. Ohio 2010); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. 2009); *Fleming v. Kemper Nat'l Servs., Inc.*, 373 F. Supp. 2d 1000, 1012 (N.D. Cal. 2005).

7. I have personal knowledge of the hourly rates charged by other attorneys with comparable experience as well as the attorneys within the firm who worked on this matter. Based on that information, I believe that these rates are fully consistent with the market rate for attorneys with comparable expertise, experience, and qualifications, and are comparable to rates of attorneys specializing in complex antitrust and employment class action litigation around the

---

[1] The use of current hourly market rates rather than historical rates is appropriate to account for the delay in payment. *See Daly v. Hill*, 790 F.2d 1071, 1081 (4th Cir. 1986); *Reaching Hearts Int'l, Inc. v. Prince George's County*, 478 Fed.Appx. 54, 60 (4th Cir. 2012).

country.  Based on the information I have, I believe that the rates charged by LCHB are reasonable and appropriate.

## Cost Summary

8. Attached as **Exhibit C** is a summary of costs and expenses incurred by LCHB in litigating this case, totaling $18,299.97.  I have reviewed these costs and, in my experience and professional judgment, all were reasonably necessary to successful prosecution of the case.

9. The largest expense, $12,344, relates to Plaintiff's expert consultants.  The amount is reasonable in light of the critical role expert economic analysis plays in class action antitrust litigation, where experts establish classwide impact and measure damages.  Here, this expert analysis enabled Plaintiff to engage in informed settlement negotiations.  The next-largest expense, $4,900, was Plaintiff's share of the mediation fee.

## Risk and Complexity of Litigation

10. Class Counsel prosecuted this action on a wholly contingent basis in the face of significant risk.  Large-scale antitrust cases of this type are, by their very nature, complicated and time-consuming.  Any lawyer representing large numbers of employees in such actions inevitably must be prepared to make a tremendous investment of time, energy, and resources.  In agreeing to represent Plaintiff and the Class, LCHB had to forego other litigation opportunities.

11. Class Counsel secured settlements totaling $4.65 million for approximately 1,911 Settlement Class Members. That is an average per capita net recovery of approximately $1,751, if the instant request for fees, costs, and service award is granted.  This is significant, meaningful relief, especially when combined with the litigation cooperation provisions.  It is important to keep in mind that this is only a partial settlement, and nCino remains jointly and severally liable for the totality of the class's damages.

**Settlement Efforts**

12. After filing the complaint, Mr. McAlear and his counsel made extensive efforts with Live Oak and Apiture over almost seven months to reach a settlement. To facilitate those discussions, Class Counsel requested and Live Oak and Apiture produced employee data sufficient for Plaintiff's counsel to ascertain their employee population and their compensation, and estimate damages. Class Counsel also retained an experienced economic consultant to analyze the data and compare it to publicly available regional wage data for software engineers. Separately, Class Counsel represented Mr. McAlear in an interview with the United States Department of Justice in connection with the allegations in the Complaint.

13. The parties selected mediator Jonathan Harkavy to oversee an arms-length mediation, which took place on August 16, 2021. Mr. Harkavy continued the mediation through telephone conferences with the parties' counsel, and a settlement in principle was reached on August 30, 2021. The parties then engaged in lengthy and robust negotiations regarding the full terms of the agreement, and finalized the settlement agreements on October 12, 2021. Class Counsel prepared and filed a motion for preliminary approval, which the Court granted on November 23, 2021.

14. Class Counsel has since undertaken efforts to implement the Court-approved notice program, including negotiating a Protective Order and investigating and resolving issues related to the employee data that was sent to the Settlement Administrator. Class Counsel has also reviewed and finalized the paper notice, the email notice, and the settlement website. In accordance with the Court's Order, the Settlement Administrator sent notice to the Settlement Class on February 11, 2022. To date, no Settlement Class Members have opted out of the class and none have objected to the settlements.

### Mr. McAlear's Role

15. Mr. McAlear's role in this case was critical. He dedicated over 60 hours to securing the settlements for the Settlement Class. Mr. McAlear assisted with litigation strategy, discovery, and settlement negotiations, and appeared for an interview with the United States Department of Justice. His ongoing significant participation was necessary to obtain the settlements.

### Other Exhibits

16. Attached hereto as Exhibit D is a true and correct copy of the Order Granting Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award, *Binotti v. Duke*, No. 20-cv-470 (M.D.N.C. Aug. 30, 2021).

17. Attached hereto as Exhibit E is a true and correct copy of the Order Granting Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, *In re Railway Industry Employee No-Poach Litig.*, MDL No. 2850 (W.D. Pa. Aug. 26, 2020).

\* \* \*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on the 25th day of February, 2022 in Denver, Colorado.

*/s/ Anne B. Shaver*

Anne B. Shaver

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I electronically served the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                         */s/ Anne B. Shaver*
                         Anne B. Shaver

- 10 -

2377640.1                                                                           DECLARATION OF ANNE B. SHAVER ISO
                                                                                                    PLAINTIFF'S UNOPPOSED MOTION
                                                                                                     CASE NO. 7:21-cv-47-M

Case 7:21-cv-00047-M   Document 75   Filed 02/25/22   Page 10 of 10