IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:21-cv-00047-M

| | |
|---|---|
| JOSEPH McALEAR, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | ORDER |
| nCINO, INC., and LIVE OAK BANCSHARES, INC., | |
| Defendants, | |
| and | |
| APITURE, INC., | |
| Defendant-Intervenor. | |

These matters come before the court on Plaintiff's Motion for Final Approval of Settlements [DE 81] and Plaintiff's Amended Motion for Attorney's Fees [DE 74]. Plaintiff has reached settlements with Defendant Live Oak Bancshares, Inc. ("Live Oak") and Defendant-Intervenor Apiture, Inc. ("Apiture"). The court heard the matters on April 25, 2022. Based on the record presented, and for the reasons stated at the hearing, the court finds as follows:

1.     The proposed Settlement Class meets the requirements of Rule 23(a) and (b)—typicality, commonality, numerosity, adequacy of representation, predominance, and superiority—and, thus, the court certifies the Settlement Class under Fed. R. Civ. P. 23. Nothing in this Order shall limit any right of Defendant nCino, Inc. ("nCino") to seek non-party discovery from Live Oak or Apiture pursuant to the Federal Rules of Civil Procedure or any other applicable law, and that the

court's approval of the Settlement Class shall have no effect on the court's consideration of any contested motion for certification of a litigation class in the ongoing action between Plaintiff and nCino.

2.     Plaintiff is appointed at the Settlement Class Representative and Lieff, Cabraser, Heimann & Bernstein, LLP (LCHB) and Elliot Morgan and Parsonage, P.A. (EMP) are appointed as Settlement Class Counsel.

3.     The court concludes that the Settlements and proposed Plan of Allocation are fair, reasonable, and adequate and satisfy the criteria for final approval under Federal Rule of Civil Procedure 23.  Moreover, the notice program effectively apprised Settlement Class Members of their rights, was the best practicable method under the circumstances, and complied with the due process requirements of reasonable notice and an opportunity to be heard and to withdraw from the class.

4.     However, the Plaintiff's request to designate the American Antitrust Institute (AAI) as the *cy pres* recipient is denied.  As discussed during the hearing, the court orders that, if any monies remain as residue in the Settlement Fund following all distribution efforts and payment of all costs, expenses, the service award, attorneys' fees and costs, and taxes (including, for example, residue resulting from the Settlement Class members' failure to negotiate checks or the dispute fund not having been fully utilized), the Notice Administrator will determine whether there are sufficient funds remaining to issue an additional distribution to Settlement Class members consistent with the Plan of Allocation. This process will continue until the Administrator determines that there are no longer sufficient funds remaining to issue another distribution to the Settlement Class members; in no event may the Administrator so determine if there is $200,000 or more remaining in the

2

Settlement Fund. The remainder, if any, will be distributed to the Plaintiff as Settlement Class Representative.

5. In conclusion, the court finds the settlements among the Plaintiff, Defendant Live Oak, and Defendant Apiture to be fair, reasonable, and adequate in that the Plaintiff and class counsel have adequately represented the class; the proposal was negotiated at arm's length; the relief provided for the class is adequate; and the proposal treats class members equitably relative to each other. Plaintiff's Motion for Final Approval of Settlements [DE 81] is GRANTED IN PART AND DENIED (with respect to Plaintiff's request for cy pres designation) IN PART. In accordance with the Settlements' terms of release, the parties shall file papers reflecting the dismissal of Live Oak and Apiture as Defendants in this case on or before May 31, 2022.

6. With respect to Plaintiff's request for attorney's fees, Settlement Class Counsel confirmed at the hearing that all hours expended so far have benefitted the entire case, including claims against nCino and, thus, the court will entertain no request at the conclusion of the action (if the Plaintiff prevails and a fee request is legally supported) for fees incurred prior to this date.

7. Plaintiff seeks a fee award of 25% of the Settlement Fund. District courts may choose the method—lodestar or percentage-of-fund—they deem appropriate for determining the reasonableness of the requested award based on the court's judgment and the facts of the case. *McAdams v. Robinson*, 26 F.4th 149, 162 (4th Cir. 2022). "Attorneys' fees awarded under the 'percentage of recovery' method are generally between twenty-five (25) and thirty (30) percent of the fund." *Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 352 F. Supp. 3d 499, 505 (M.D.N.C. 2018) (quoting *Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 464 (D. Md. 2014)).

3

8.     The court finds that consideration of all factors described in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), including the time and labor expended (months of investigation, preparation, and negotiations), the novelty and difficulty of the questions raised (litigating antitrust no-poach agreements likely requires expert report(s) and testimony), the customary fee for like work (Settlement Class Counsel specialize in this type of work, and their rates have been approved by other courts), and the quality of the results obtained ($4.65 million for 1,926 members at a very early stage of litigation), leads the court to conclude that a 25% fee award is reasonable. *See Berry v. Schulman*, 807 F.3d 600, 617–18 (4th Cir. 2015) (the more prominent *Barber* factors "include such considerations as the time and labor required, the novelty or difficulty of the issues litigated, customary fees in similar situations, and the quality of the results involved.") (quoting *In re MRRM, P.A.*, 404 F.3d 863, 867-68 (4th Cir. 2005)).

9.     Although the court is not required to "crosscheck" a percentage award, under the lodestar method, no objections were raised to the reasonableness of Settlement Class Counsel's hourly rates or the number of hours expended, and the court finds they are reasonable.  The court has determined that any award to Settlement Class Counsel should encompass all fees and costs.  Thus, the lodestar multiplier, calculated as $1,162,500 (25% of settlement fund) divided by $194,125 (comprised of $169,885 (class counsel hours), $5,940 (local counsel hours), and $18,300[1] (costs)) equals 5.98. The court finds that, while this multiplier is higher than that typically approved,[2] the court must also account for the contingent nature of the fee agreement, the risks assumed by

---

[1] The total costs are rounded up from $18,299.97 for ease of reference and calculation.

[2] *See In re Cendant*, 243 F.3d 722, 742 (3d Cir. 2001) ("[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.") (internal quotations and citations omitted); *but see In re Cardinal Health*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (finding that requested fee amount with a lodestar multiplier of 7.89 was not unreasonable "[g]iven the outstanding settlement in this case and the noticeable skill of counsel.").

4

Settlement Class Counsel, and the early resolution of the claims by the hard work of all settlement parties. *See In re Cendant Corp.*, 243 F. Supp. 2d 166, 174 (D.N.J. 2003), *aff'd Cendant II*, 404 F.3d 173 (3d Cir. 2005) (court awarded a fee of $55 million, which resulted in a lodestar multiplier in the mid-single digits).

10.     Having no objections to the request to award Plaintiff an additional $120,000 for his service as Settlement Class Representative, the court finds such award reasonable and grants the request.

11.     Consideration of the *Barber* factors and the record as a whole leads the court to conclude that 25% of the total Settlement Fund (or, $1,162,500.00) is a reasonable award to Settlement Class Counsel for the fees and costs expended in this case. The court commends the parties for their success in negotiating a mutually satisfactory resolution so early in the litigation and avoiding unnecessary—and likely substantial—costs. Plaintiff's Unopposed Motion for Attorney's Fees, Costs, and Service Award [DE 74] is GRANTED IN PART AND DENIED (to the extent Plaintiff sought recovery of costs separate from the fee award) IN PART.

SO ORDERED this __28th__ day of April, 2022.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

5