IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:21-cv-00047-M

| | |
|---|---|
| JOSEPH McALEAR, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>nCINO, INC., and<br>LIVE OAK BANCSHARES, INC.,<br><br>    Defendants,<br><br>APITURE, INC.,<br><br>    Intervenor-Defendant. | FINAL JUDGMENT OF DISMISSAL |

This matter comes before the court on the Plaintiff's unopposed Motion for Entry of Final Judgment of Dismissal [DE 94]. For the reasons stated at the April 25, 2022 Final Approval Hearing and this court's April 28, 2022 order (DE 92), the motion is GRANTED. The court enters final judgment in this action among Plaintiff Joseph McAlear; the Settlement Class; Defendant Live Oak Bancshares, Inc., and Defendant-Intervenor Apiture, Inc. ("Settling Defendants"; together with Mr. McAlear and the Settlement Class, "Settling Parties"), as defined in Federal Rule of Civil Procedure 58(a).

The final Settlement Agreements between Mr. McAlear, the Settlement Class, and the Settling Defendants are available at docket numbers 39-1 & 39-2, hereinafter "Settlements." Unless otherwise defined, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlements.

Pursuant to this Final Judgment:

1. All Released Claims of Mr. McAlear and the Settlement Class are hereby released as against Settling Defendants and all Released Parties as defined in the Settlements.

2. The Settling Parties are ordered to comply with the terms of the Settlements. The terms of the Settlements are adopted as an order of this court.

3. Without affecting the finality of the court's judgment in any way, the court retains exclusive and continuing jurisdiction over this matter for purposes of resolving any issues relating to the administration, enforcement, consummation, and interpretation of the Settlements, including the Settlement Fund.

4. The Settling Parties and Settlement Administrator are authorized to disburse funds to the Settlement Class, to Class Counsel, to Mr. McAlear, and to the Settlement Administrator, consistent with the terms of the Settlements and the court's concurrently-filed order concerning Class Counsel's request for attorney's fees and reimbursement of costs and Mr. McAlear's service award.

5. Within sixty (60) days after the final disbursement of settlement funds, the parties shall file a joint report with the court, advising the court of the status of the Settlement Fund. Unless any issue remains, the court's jurisdiction over this matter will cease sixty (60) days after the filing of the report.

6. Plaintiff's and the Class' claims are dismissed with prejudice as against the Settling Defendants, each side to bear its own costs and attorneys' fees.

2

7. This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

SO ORDERED this 11th day of May, 2022.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE