IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:21-cv-00047-M

JOSEPH McALEAR, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

nCINO, INC.,

    Defendant.

ORDER

These matters come before the court on Plaintiff's Unopposed Motion for Final Approval of Settlement [DE 140] with the remaining Defendant nCino,[1] and Plaintiff's Unopposed Motion for Attorney's Fees [DE 134]. The court heard the matters at the final fairness hearing on January 29, 2024. Based on the record presented, and for the reasons stated at the hearing, the court finds as follows:

1.     The proposed Settlement Class meets the requirements of Rule 23(a) and (b)—typicality, commonality, numerosity, adequacy of representation, predominance, and superiority—and, thus, the court certifies the Settlement Class under Fed. R. Civ. P. 23. The Settlement Class is defined as follows:

> All natural persons employed by Live Oak, Apiture, or nCino in North Carolina at any time from January 27, 2017, through March 31, 2021. Excluded from the settlement class are: members of the boards of directors; C-suite; executive level managers; and any and all judges and justices and chambers' staff assigned to adjudicate any aspect of this litigation.

---

[1] The court approved Plaintiff's class settlement with former Defendants Live Oak and Apiture in April 2022.

2. Plaintiff is appointed as the Settlement Class Representative and Lieff, Cabraser, Heimann & Bernstein, LLP (LCHB) and Elliot Morgan and Parsonage, P.A. (EMP) are appointed as Settlement Class Counsel.

3. The court concludes that the Settlement and proposed Plan of Allocation are fair, reasonable, and adequate and satisfy the criteria for final approval under Federal Rule of Civil Procedure 23. Moreover, the notice program effectively apprised Settlement Class Members of their rights, was the best practicable method under the circumstances, and complied with the due process requirements of reasonable notice and an opportunity to be heard and to withdraw from the class.

4. However, the Plaintiff's request to designate Step Up Wilmington as the *cy pres* recipient is denied. As discussed during the hearing, the court orders that, if any monies remain as residue in the Settlement Fund following all distribution efforts and payment of all costs, expenses, the service award, attorneys' fees and costs, and taxes (including, for example, residue resulting from the Settlement Class members' failure to negotiate checks or the dispute fund not having been fully utilized), the Notice Administrator will determine whether there are sufficient funds remaining to issue an additional distribution to Settlement Class members consistent with the Plan of Allocation. This process will continue until the Administrator determines that there are no longer sufficient funds remaining to issue another distribution to the Settlement Class members; in no event may the Administrator so determine if there is $50,000 or more remaining in the Settlement Fund. The remainder, if any, will be distributed to the Plaintiff as Settlement Class Representative.

5. In conclusion, the court finds the settlement between the Plaintiff class and Defendant nCino to be fair, reasonable, and adequate in that the Plaintiff and class counsel have adequately

represented the class; the proposal was negotiated at arm's length; the relief provided for the class is adequate; and the proposal treats class members equitably relative to each other. Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [DE 140] is GRANTED IN PART AND DENIED (with respect to Plaintiff's request for cy pres designation) IN PART. In accordance with the Settlement's terms of release, the parties shall file papers reflecting the dismissal of this case on or before April 15, 2024.

6. With respect to Plaintiff's request for attorney's fees, Plaintiff seeks a fee award of 33% of the Settlement Fund, or $730,000.00. District courts may choose the method—lodestar or percentage-of-fund—they deem appropriate for determining the reasonableness of the requested award based on the court's judgment and the facts of the case. *McAdams v. Robinson*, 26 F.4th 149, 162 (4th Cir. 2022). "Attorneys' fees awarded under the 'percentage of recovery' method are generally between twenty-five (25) and thirty (30) percent of the fund." *Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 352 F. Supp. 3d 499, 505 (M.D.N.C. 2018) (quoting *Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 464 (D. Md. 2014)).

7. The court finds that consideration of all factors described in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), including the time and labor expended (months of investigation, preparation, substantial discovery, and negotiations), the novelty and difficulty of the questions raised (litigating antitrust no-poach agreements likely requires expert report(s) and testimony), the customary fee for like work (Settlement Class Counsel specialize in this type of work, their rates have been approved by other courts, and at the hearing, nCino did not object to counsels' hourly rates), and the quality of the results obtained ($2.19 million for 1,926 members prior to the close of discovery), leads the court to conclude that a 33% fee award is reasonable. *See Berry v. Schulman*, 807 F.3d 600, 617–18 (4th Cir. 2015) (the more prominent *Barber* factors "include such

3

considerations as the time and labor required, the novelty or difficulty of the issues litigated, customary fees in similar situations, and the quality of the results involved.") (quoting *In re MRRM, P.A.*, 404 F.3d 863, 867-68 (4th Cir. 2005)).

8. Although the court is not required to "crosscheck" a percentage award, under the lodestar method, no objections were raised to the reasonableness of Settlement Class Counsel's hourly rates or the number of hours expended, and the court finds they are reasonable. The court has determined that Settlement Class Counsel should be awarded all requested reasonable fees and costs. Thus, the lodestar multiplier, calculated as $730,000 (33% of settlement fund) plus costs in the amount of $92,332.21, divided by $1,210,500 [$1,186,000 (class counsel hours) + $24,500 (local counsel hours)] equals .68. *See Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 578 (E.D. Va. 2016) (approving fee in case with 0.77 multiplier and gathering cases in which courts have approved fees with negative multipliers, noting that such a multiplier suggests a fee request is reasonable). The court finds the fee request reasonable considering the contingent nature of the fee agreement, the risks assumed by Settlement Class Counsel, and the relatively early resolution of the claims by the hard work of all settlement parties. *See In re Cendant Corp.*, 243 F. Supp. 2d 166, 174 (D.N.J. 2003), *aff'd Cendant II*, 404 F.3d 173 (3d Cir. 2005) (court awarded a fee of $55 million, which resulted in a lodestar multiplier in the mid-single digits).

9. Having no objections to the request to award Plaintiff an additional $90,000 for his service as Settlement Class Representative, the court finds such award reasonable and grants the request.

10. Consideration of the *Barber* factors and the record as a whole leads the court to conclude that 33% of the total Settlement Fund (or, $730,000.00) plus reasonable costs in the amount of $92,332.21 for a total of $822,332.21 is a reasonable award to Settlement Class Counsel for the fees and costs expended in this case. The court commends the parties for their success in

4

negotiating a mutually satisfactory resolution and avoiding additional unnecessary—and likely substantial—costs. Plaintiff's Unopposed Motion for Attorney's Fees, Costs, and Service Award [DE 134] is GRANTED as set forth herein.

SO ORDERED this 4th day of March, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE